# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK WHITE,  No. 08-10496

    Plaintiff,  District Judge George Caram Steeh

v.  Magistrate Judge R. Steven Whalen

SAGINAW COUNTY, et.al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is *Defendants Motion to Dismiss* [Docket #20] by Defendants County of Saginaw, Charles Brown, Willam Gutzwiller, Robert J. Allen, Kathleen Miller, Thomas Klink, and the Honorable Judge Lynda L. Heathscott, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

For the reasons set forth below, I recommend that the motion be GRANTED as to Defendants County of Saginaw, Brown, and Gutzwiller, dismissing these Defendants WITHOUT PREJUDICE based on Plaintiff's failure to exhaust his administrative remedies. I further recommend that the motion be GRANTED as to Defendants Allen, Miller, Klink, and Heathscott, dismissing these Defendants WITH PREJUDICE.

## I. FACTUAL BACKGROUND

Plaintiff, currently a Michigan prison inmate, alleges violations of his constitutional rights during the course of his November 14, 2006 to June 19, 2007 incarceration at the Saginaw County Jail. The Complaint, as it relates to the County of Saginaw, Saginaw County Sheriff Charles L. Brown, and Lieutenant William H. Gutzwiller, alleges unsanitary and otherwise inhumane living conditions, denial of access to the courts, improprieties

concerning Plaintiff's incoming and outgoing mail, and inadequate medical care. *Complaint* at 1-6. Plaintiff claims that the County of Saginaw is also liable for contracting with outside medical care and food service companies that provide substandard care to inmates. *Id.* at 7.

Independent of the above claims, the Complaint also alleges constitutional violations in the circumstances preceding Plaintiff's July, 2007 guilty plea to the operation of a motor vehicle while intoxicated pursuant to M.C.L. §257.625. Plaintiff, then represented by appointed counsel, alleges that Saginaw Circuit Court Judge Defendant Heathscott conspired with Saginaw County Assistant Prosecutor Kathleen Miller "to return [P]laintiff to prison[] *prior to any finding of guilt*" (emphasis added). *Complaint* at 6. Plaintiff also claims that Defendant Allen, a law clerk, unfairly denied his request to file submissions with the court on his own behalf. *Id.* Finally, Plaintiff alleges that Defendant Heathscott's court reporter, Defendant Klink, "certif[ied] a false record" of Defendant Heathscott's statements made at a July 18, 2007 hearing, apparently claiming that in creating a transcript, Klink omitted statements by Judge Heathscott which would support Plaintiff's claim. *Id.* at 7.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416,

419 (6th Cir. 2001). *See also Bell Atlantic Corp. V. Twombley,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

    **B.    28 U.S.C. §1997e(a)**

A dismissal for failure to state a claim under Rule 12(b)(6) is generally a dismissal with prejudice. However, a dismissal for failure of a prisoner to exhaust administrative remedies under 42 U.S.C. §1997e(a) is a dismissal without prejudice. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). In *Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the Supreme Court suggested, in dicta, that failure to exhaust might be a basis for dismissal under Rule 12(b)(6). However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted. *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies).[1] Whether categorized as a 12(b)(6) motion or otherwise, the preliminary question in this motion is whether the Defendants have carried their burden of showing that the Plaintiff failed to exhaust his administrative remedies.

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the

---

[1]As such, the proposed Rule 12(b)(6) dismissal of Defendants Heathscott, Miller, Allen, and Klink Robert, with prejudice, would count against Plaintiff in a "three strikes" analysis under 28 U.S.C. §1915(g), possibly affecting future requests for IFP status. The recommended dismissal of Brown and Gutzwiler without prejudice, by itself, would not.

type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock, supra*, 127 S.Ct. at 921. Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008)*. Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

### III. ANALYSIS

**A. Defendants County of Saginaw, Brown, and Gutzwiller**

Lieutenant William Gutzwiller and Sheriff Charles Brown argue that Plaintiff's failure to exhaust the Saginaw County Jail's administrative remedies regarding his Eighth Amendment claims mandates dismissal of the claims regarding the Jail. *Defendants' Brief* at 9-11. Defendants dispute the Complaint's allegation that the Jail "handles complaints verbally," noting that Plaintiff acknowledges that he did not comply with exhaustion requirements before filing suit. *Id.* (*Citing Complaint* at 2).

Plaintiff makes multiple but ultimately unavailing arguments in defending his failure to comply with the Jail's grievance procedure. His assertion that verbal complaints satisfied

the exhaustion requirement is contradicted by the Jail's "Inmate Guide" which states that in the event that an informal complaint is not resolved, "the inmate will be advised to put the complaint in writing and forward it to the jail shift commander," before completing the last two steps of the grievance procedure. See Docket #20, Exhibit 1, *Affidavit of Lt. William Gutzwiller* at ¶¶3-4. Gutzwiller's affidavit states further that the Jail's inmate guide "is distributed to each inmate upon their admittance into the Jail." *Id.* at ¶3. Moreover, even assuming that Plaintiff did not receive the guide, "the failure of prison officials to notify an inmate of available administrative procedures does not excuse the exhaustion requirement." *Larkin v. Saginaw County* 2006 WL 474509, 2 (E.D.Mich.2006)(Duggan, J.)(*citing Brock v. Kenton County,* 2004 WL 603929, at *3 (6th Cir. March 24, 2004)). Finally, Plaintiff's alternative argument that he sent *one* written grievance directly to Gutzwiller and/or Brown on May 12 or 13, 2007 not only confirms that he did not comply with the *three-step* grievance process, but stands at odds with with Gutzwiller's statement that a search of the Jail's records failed to yield even one grievance by Plaintiff. *Affidavit of Lt. William Gutzwiller* at ¶7.

     Because Gutzwiller's statement, along with Plaintiff's own acknowledgment, shows that he did not exhaust the Jail's grievance procedure before filing suit, claims against Defendants Saginaw County, Gutzwiller, and Brown should be dismissed. However, pursuant to *Bock, supra,* 549 U.S. at 219-220, the Court declines to review Defendants' arguments for dismissal on the claim's merits. "A prisoner's failure to comply with the PLRA's exhaustion requirement deprives a district court of the ability to address the merits of his claims." *Johnson v. County of Wayne,* 2008 WL 4279359, *3 (E.D.Mich. 2008)(Steeh, J.)(*citing Jones v. Bock,* 549 U.S. 199, 219-220, 127 S.Ct. 910, 918-19, 166 L.Ed.2d 798 (2007)); *see also Horn v. Bay County Sheriff's Dept.,* 2008 WL 3285808, *8

(E.D.Mich.,2008) ("Where there is a failure to exhaust, the court will not reach the merits of the complaint; rather, the complaint will be dismissed without prejudice").

### B. Defendants Heathscott, Miller, Allen, and Klink

In contrast, because the Complaint's allegations regarding these Defendants do not relate to prison conditions, the exhaustion requirements set forth in 42 U.S.C. § 1997e(a) are inapplicable. Allegations against these Defendants pertain to circumstances surrounding Plaintiff's plea agreement and are subject to dismissal with prejudice.

Plaintiff alleges that Defendants Miller, a Saginaw County Assistant Prosecutor Attorney, and Heathscott, a Saginaw County Circuit Judge, conspired to return him to prison in punishment for refusing to take a guilty plea, contending that in furtherance of the conspiracy, Defendant Miller impermissibly contacted Plaintiff's parole officer. *Complaint* at 6. Plaintiff also faults law clerk Defendant Allen for refusing to allow him to file motions on his own behalf while represented by an attorney. *Id.*; *Plaintiff's Response*; *Docket #21-1* at pg. 14 of 50. Finally, Plaintiff claims that in furtherance of the conspiracy to deny his right to a trial, Defendant Klink, Judge Heathscott's court reporter, deliberately certified an incomplete record of a July 18, 2007 hearing before the Judge. *Id.* at 7; *Plaintiff's Response*; *Docket #21-1* at pg. 12 of 50.

These allegations are construed as claims under 42 U.S.C. §1985(2), which proscribes obstructing justice by intimidating parties or witnesses by:

> "[conspiring] to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness. . . . with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."

In alleging a claim of interference with the administration of justice under § 1985(2), Plaintiff "must show that (1) there was a conspiracy; (2) to deter a witness or party by force, intimidation, or threat from testifying; which (3) results in injury to the plaintiff." *Lodal, Inc. v. Great American Ins. Companies*, 2001 WL 1699213, *7 (W.D.Mich.,2001)(*citing David v.. United States,* 820 F.2d 1038, 1040 (9th Cir.1987)).

**1. Immunity**

Because allegations against Defendants Heathscott and Miller concern acts performed in their official capacities as judge and prosecutor respectively, both are immune from suit. Even assuming that the Complaint contains plausible allegations of conspiracy, intimidation, and injury, "[j]udges and prosecutors have long been held to be absolutely immune from being sued on account of their judicial or prosecutorial acts." *Cullinan v. Abramson,* 128 F.3d 301, 307 -308 (6th Cir. 1997); *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). "Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons,* 509 U.S. 259, 260, 113 S.Ct. 2606, 2608 - 2609, 125 L.Ed.2d 209 (1993).[2] Likewise, Defendant Allen, a law clerk to Judge Heathscott, is entitled to immunity for his refusal (on behalf of the court) to accept Plaintiff's submissions. Judicial staff members carrying out "judicial act[s]" are entitled to quasi-judicial immunity. *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988); *see also Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994)("Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these

---

[2]However, prosecutors "acting not as advocates but investigators . . . would be entitled to only qualified immunity." *Buckley,* at 260, 2609.

persons are considered an arm of the judicial officer who is immune").

Whether Defendant Klink, the Judge's court reporter, also enjoys quasi-judicial immunity is less obvious. In *Antoine v. Byers & Anderson*, 508 U.S. 429, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993), the Supreme Court held that court reporters are not entitled to absolute, quasi-judicial immunity, based on the fact that their duties are ministerial, not discretionary in nature. *Id.*, 508 U.S. at 436-437. However, when a court reporter acts at the direction of a judge, he or she is protected by qualified immunity. *Green v. Maraio*, 722 F.2d 1013, 1018 (2nd Cir. 1983)("[The court reporter] acted pursuant to Judge Ingrassia's explicit instructions and thus is immunized from liability under section 1983 by the defense of qualified immunity for actions carried out within the scope of those instructions")[3]. *See also, Hargis v. Jones*, 986 F.2d 1421 (Table), 1993 WL 24146 (6th Cir. 1993)("[The court reporter] is being sued in his capacity as an individual carrying out a judicially-directed function and is therefore immune from suit in this context"); *James v. Scavoni*, 229 F.3d 1152 (Table), 2000 WL 1206540 (6th Cir. 2000)(citing *Green v. Maraio*).

Likewise here, because Plaintiff alleges that Klink's constitutional torts were carried out in furtherance of a conspiracy directed by Judge Heathscott, quasi-judicial immunity is available. *See Snyder v. Nolen,* 380 F.3d 279, 287 (7th Cir. 2004) ("[W]hen functions that are more administrative in character have been undertaken pursuant to the explicit direction

---

[3] The Court in *Green* further explained:

"[The court reporter] is alleged by Green to have altered Green's transcript pursuant to Judge Ingrassia's explicit instructions. Clearly, it was the judge's decision to make the change, not the court reporter's. *Under these circumstances, it would be manifestly unfair to allow Maraio to be subjected to liability when she was acting within the scope of the judge's instructions and was simply acting as an arm of the court in compliance with the exercise of his judicial authority.*" 722 F.2d at 1019 (emphasis added).

of a judicial officer, we have held that [the] officer's immunity is also available to the subordinate"). Accordingly, claims against Klink should be dismissed.

### 2. Heck v. Humphrey

Although not argued by Defendants, I note further that the claims against the judge, prosecutor, and court staff are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that to recover civil damages based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Where success in the civil suit "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750; 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004) .

Here, Plaintiff claims unambiguously that the alleged judicial and prosecutorial misconduct regarding the circumstances surrounding his July 2007 guilty plea amounted to a denial of his due process rights. *Complaint* at 7. Plaintiff's success in the present action against Defendants Heathscott, Miller, Allen, and Klink would necessarily imply the invalidity of the plea-based conviction, which has not been set aside. As such, *Heck,* mandates dismissal of these claims.

## IV.  CONCLUSION

For these reasons, I recommend that the motion to dismiss [Docket #20] be GRANTED as to Defendants County of Saginaw, Brown, and Gutzwiller, dismissing these Defendants WITHOUT PREJUDICE based on Plaintiff's failure to exhaust his administrative remedies.  I further recommend that the motion be GRANTED as to Defendants Allen, Miller, Klink, and Heathscott, dismissing these Defendants WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue

contained within the objections.

           S/R. Steven Whalen
           R. STEVEN WHALEN
           UNITED STATES MAGISTRATE JUDGE

Dated: December 17, 2008

           CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 17, 2008.

           s/G. Wilson
           Judicial Assistant