UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EARL WHITE,

    Plaintiff,

  v.

CASE NO. 08-CV-10496

HON. GEORGE CARAM STEEH

SAGINAW COUNTY, et al.,

    Defendants.

_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (#27)

Plaintiff, Mark White, currently a Michigan prison inmate, alleges violations of his constitutional rights during the course of his November 14, 2006 to June 19, 2007 incarceration at the Saginaw County Jail. The Complaint alleges unsanitary and inhumane living conditions, denial of access to the courts, improprieties concerning the mail, and inadequate medical care against defendants the County of Saginaw, Saginaw County Sheriff Charles L. Brown, and Lieutenant William H. Gutzwiller. The Complaint also alleges constitutional violations in the circumstances preceding plaintiff's July, 2007 guilty plea to the operation of a motor vehicle while intoxicated, MCL § 257.625. Plaintiff, who was represented by appointed counsel, alleges that Saginaw Circuit Court Judge Heathscott conspired with Saginaw County Assistant Prosecutor Kathleen Miller to return plaintiff to prison prior to finding any guilt. Plaintiff also alleges that defendant Allen, a law clerk, improperly denied his request to file submissions with the court on his own behalf. Finally, plaintiff alleges that court reporter Klink certified a false record of

Judge Heathscott's statements made at a July 18, 2007 hearing.

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which was referred to the magistrate judge for report and recommendation. Magistrate Judge Whalen filed his report on December 17, 2008, recommending that the motion be granted as to defendants County of Saginaw, Brown and Gutzwiller, dismissing those defendants without prejudice, and that the motion be granted as the defendants Allen, Miller, Klink and Heathscott, dismissing those defendants with prejudice. Plaintiff filed objections to the report and recommendation, which have been duly considered by this Court. For the reasons set forth below, the Court finds that plaintiff's objections lack merit and therefore adopts the report and recommendation of the magistrate judge in its entirety.

A. <u>Failure to Exhaust</u>

Defendants Gutzwiller and Brown argue that plaintiff's failure to exhaust the Saginaw County Jail's administrative remedies regarding his Eighth Amendment claims mandates dismissal of the claims regarding the Jail. The Prison Litigation Reform Act (PLRA) of 1996 provides that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). A dismissal for failure of a prisoner to exhaust administrative remedies under 42 U.S.C. §1997e(a) is a dismissal without prejudice. <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999).

Plaintiff makes several objections to the magistrate's finding that he failed to exhaust his administrate remedies as to defendants County of Saginaw, Brown and

Gutzwiller. Plaintiff contends he made a verbal complaint to Brown which was ignored. Plaintiff rhetorically asks how he could proceed to a Step II grievance if he never received a response from Step I. The Inmate Guide specifically provides that in the event an informal complaint is not resolved, "the inmate will be advised to put the complaint in writing and forward it to the jail shift commander," before completing the last two steps of the grievance procedure.

Plaintiff also argues that he is not a current inmate of the Saginaw County Jail, so the PLRA does not apply to him. Plaintiff cites caselaw that discusses this suggestion, but his argument is moot because plaintiff was still an inmate of another correctional facility at the time he filed the present lawsuit.

The evidence in this case demonstrates that plaintiff did not exhaust the Jail's grievance procedure before filing suit. The Court adopts the magistrate judge's recommendation that the claims against defendants Saginaw County, Gutzwiller, and Brown be dismissed without prejudice.

B. <u>Immunity</u>

The allegations in the complaint pertaining to circumstances surrounding plaintiff's plea agreement amount to claims of obstruction of justice under 42 U.S.C. §1985(2). The Court adopts the magistrate judge's recommendation that defendants Heathscott and Miller are both immune from suit due to the fact that they acted in their official capacities as judge and prosecutor. Defendants Allen and Klink are entitled to quasi-judicial immunity because Allen was performing a judicial act and Klink was allegedly acting at the direction of Judge Heathscott (in furthering the alleged conspiracy). The Court adopts the magistrate judge's recommendation that the claims

against defendants Heathscott, Miller, Allen and Klink be dismissed with prejudice.

IT IS HEREBY ORDERED THAT defendants' motion to dismiss is GRANTED. The claims against defendants County of Saginaw, Gutzwiller and Brown are DISMISSED WITHOUT PREJUDICE. The claims against defendants Heathscott, Miller, Allen and Klink are DISMISSED WITH PREJUDICE.

SO ORDERED.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on February 17, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk